# **EXHIBIT A**

| STATE OF NORTH CAROLINA | File No. 20 CVS 3055 |
|---|---|
| GASTON County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Jerry Shedd | |
| Address | **CIVIL SUMMONS** |
| 1711 Warren Avenue | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Gastonia  NC  28054 | |
| VERSUS | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| C & B Distributors, Inc. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| C & B Distributors, Inc.<br>c/o Harold G. Clemmer, Jr., President<br>PO Box 275<br>Lowell   NC   28098 | |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Gerald L. Liska<br>Mullen Holland & Cooper P.A.<br>PO Box 488<br>Gastonia   NC   28053 | 8/31/2020 | 1:21 | ☐ AM ☒ PM |
| | Signature | | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 20 CVS 3055 |
|---|---|---|
| GASTON County | FILED 2020 AUG 31 P 4:20 GASTON CO., C.S.C. BY _____ | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name And Address Of Plaintiff 1**
Jerry Shedd
1711 Warren Avenue
Gastonia NC 28054

**Name And Address Of Plaintiff 2**

## GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

### VERSUS

**Name And Address Of Defendant 1**
C & B Distributors, Inc.
c/o Harold G. Clemmer, Jr., President
PO Box 275
Lowell NC 28098

**Summons Submitted** ☒ Yes ☐ No

**Name And Address Of Defendant 2**

**Summons Submitted** ☐ Yes ☐ No

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Gerald L. Liska
Mullen Holland & Cooper PA
PO Box 488
Gastonia NC 28053

**Telephone No.** (704) 864-6751 ext. 146
**Cellular Telephone No.**

**NC Attorney Bar No.** 36901
**Attorney Email Address** jliska@mhc-law.com

☒ Initial Appearance in Case ☐ Change of Address

**Name Of Firm** Mullen Holland & Cooper PA
**Fax No.** (704) 861-8394

**Counsel For** ☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented)

☐ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

### TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) <br> ☐ Appointment Of Receiver (APRC) <br> ☐ Attachment/Garnishment (ATTC) <br> ☐ Claim And Delivery (CLMD) <br> ☐ Collection On Account (ACCT) <br> ☐ Condemnation (CNDM) <br> ☐ Contract (CNTR) <br> ☐ Discovery Scheduling Order (DSCH) <br> ☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) <br> ☐ Medical Malpractice (MDML) <br> ☐ Minor Settlement (MSTL) <br> ☐ Money Owed (MNYO) <br> ☐ Negligence - Motor Vehicle (MVNG) <br> ☒ Negligence - Other (NEGO) <br> ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) <br> ☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD) <br> ☐ Real Property (RLPR) <br> ☐ Specific Performance (SPPR) <br> ☒ Other *(specify and list each separately)* <br> Family Medical Leave Act Violation Constructive Fraud; Conversion Wrongful Interference; Unfair/ Deceptive Trade Practices; Fraud; Breach of Contract; Production of Records |

| Date | Signature Of Attorney/Party |
|---|---|
| | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*



*Defendant(s) Against Whom Crossclaim Asserted*



AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

STATE OF NORTH CAROLINA           IN THE GENERAL COURT OF JUSTICE
FILED      SUPERIOR COURT DIVISION
COUNTY OF GASTON                      File No. 20 CVS 3055

2020 AUG 31 P 4: 20

| | |
|---|---|
| **Jerry Shedd,** | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT** |
| **C&B Distributors, Inc.,** | )<br>) |
| Defendant. | )<br>)<br>) |

NOW COMES Plaintiff Jerry Shedd, complaining of the Defendant and seeking the relief herein described, and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Jerry Shedd, is a citizen and resident of Gaston County, North Carolina.

2. Upon information and C&B Distributors, Inc. ("C&B Distributors") is a North Carolina for-profit domestic corporation with a principal office located in Lowell, North Carolina, which regularly conducts business in Gaston County, North Carolina and maintains substantial contacts in and throughout the State of North Carolina.

3. Upon information and belief, C&B Distributors employs over 15 people.

4. Upon Information and belief, C&B Distributors employs over 50 people.

5. A substantial part of the event herein complained of occurred within Gaston County, North Carolina. All parties are subject to the jurisdiction of the courts of North Carolina, and Gaston County is the proper venue pursuant to 29 U.S.C. 28 and 29 U.S.C. 2617 as well as N.C.G.S. 1-75.4 and N.C.G.S. 1-77.

{M0277506.1}                                 1

6. This case arises as a result of the Defendant's willful and intentional discrimination against Plaintiff in contravention of the Family Medical Leave Act and 29 U.S.C. 28 ("FMLA" and the public policy of North Carolina.

7. Defendant is subject to the FMLA.

## FACTS
### (Applicable to All Claims)

8. Plaintiff is 75 years old.

9. Plaintiff was employed by Defendant for over 37 years.

10. Plaintiff's duties included driving to different locations of Defendant and collecting cash deposits and taking those deposits to the bank.

11. Plaintiff started his route between four and six am each morning.

12. When Plaintiff was done with his route, he would work at other businesses locations owned and operated by Defendant. This included fixing washers and dryers at a laundromat, working on a car wash, fixing plumbing at all locations and performing carpentry at apartments owned by Defendant.

13. Additional duties of Plaintiff were to perform maintenance at gas stations, laundry mats, and other businesses owned or operated by Defendant.

14. On or around November 23, 2016, Plaintiff was admitted to the hospital for vascular reasons and was written out of work by his treating physician.

15. Defendant was aware of Plaintiff's medical condition and that Plaintiff would be out of work for vascular reasons. Upon information and belief, Defendant received a copy of Plaintiff's medical note indicating he would be out of work.

16. Defendant did not notify Plaintiff of his rights under the Family Medical Leave Act as required by law.

17. Before November 23, 2016, Plaintiff was paid $676 per week.

18. Plaintiff worked seven days a week, and worked close to 65 hours between Monday through Friday, and worked an additional nine hours between Saturday and Sunday.

19. Plaintiff received one week of vacation each year before November 23, 2016.

20. Plaintiff had health insurance provided by Defendant until Plaintiff turned 62 years old.

21. Once Plaintiff began receiving Medicare, Defendant stopped providing health insurance to Plaintiff.

22. Plaintiff was released to return to work on December 19, 2016.

23. Upon returning to work, Defendant removed Plaintiff from salary and began paying him hourly without Plaintiff's consent.

24. Plaintiff continued to receive his salary while written out of work from November 23, 2016 through December 19, 2016.

25. Plaintiff returned to work with Defendant after December 19, 2016, but was working in the warehouse and making deliveries of groceries to the stores owned and operated by Defendant.

26. On or around February 9, 2017 Plaintiff stopped receiving his salary and was paid hourly.

27. Plaintiff was told he could not return to his prior job because someone else had been hired for that position while Plaintiff had been written out of work and before any applicable FMLA leave would have expired..

28. Defendant willfully did not allow Plaintiff to return to his pre-disability position.

29. Defendant intentionally hired someone to fill Plaintiff's job while knowing Plaintiff's job was to be protected pursuant to the FMLA.

30. During April of 2017, Plaintiff's hours were decreased to as low as eight hours per week.

31. Plaintiff was provided a cell phone from Defendant, and was expected to be on call to drive Defendant's owner, Harold Clemmer, when needed.

32. Plaintiff drove Mr. Clemmer on several occasions outside of his routine job duties. Mr. Shedd was required to be on stand bye to drive Mr. Clemmer on a daily basis.

33. In August of 2017, Defendant notified Plaintiff that he would be called for additional work if needed.

34. Plaintiff did not receive a call from anyone at Defendants after August 31, 2016, though Defendant still provided Plaintiff a cell phone to be contacted at.

35. Plaintiff believes he was effectively terminated in September of 2017.

36. Plaintiff was terminated based on his age and his prior medical conditions.

37. Plaintiff was able to adequately perform the job he performed prior to November 23, 2016.

38. Plaintiff was able to perform his job assignments given to him after November 23, 2016.

39. Plaintiff's hours and eventual termination were not due to any performance issues, but Plaintiff instead was terminated based on his age, prior medical issues, and suspected disability.

## FIRST CLAIM FOR RELIEF

(Willful Violation of the Family Medical Leave Act, 29 U.S.C. 28)

40. Plaintiff re-alleges all matters not inconsistent herewith, as previously set forth herein.

41. Defendant first violated the Family Medical Leave Act by failing to return Plaintiff to prior position after returning to work from medical leave.

42. Defendant next reduced Plaintiff's hours in April of 2017, unjustifiably basing the reduction on the fact that there was a decrease in business while not reducing the hours of other employers.

43. Defendant, in September 2017 terminated Plaintiff based on his prior medical condition and being written out of work from November 23, 2016 through January 2017.

44. Defendant's act of terminating Plaintiff is in direct violation of the protections afforded by the Family Medical Leave Act.

45. As a result of Defendant's conduct, Plaintiff suffered damages in excess of $25,000.

## SECOND CLAIM FOR RELIEF

(Discharge in Violation of N.C. Gen. Stat. § 143-422.2)

46. Plaintiff re-alleges all matters not inconsistent herewith, as previously set forth herein.

47. At the time of his termination, Plaintiff was able to perform the duties of his job prior to November 23, 2016.

48. At the time of his termination, Plaintiff was able to perform all job duties assigned him and not have any performance issues.

49. Defendant unjustifiably and intentionally terminated Plaintiff based on his age and alleged disability or handicap in violation of N.C. Gen. Stat. § 143-422.2.

50. As a result of Defendant's conduct, Plaintiff suffered damages in excess of $25,000.

WHEREFORE, Plaintiffs pray this Honorable Court as follows:

1. That Plaintiffs have and recover damages from Defendant an amount in excess of $25,000;

2. That Plaintiff recover liquidated damages, back pay, front pay, punitive damages and attorney's fees from Defendant pursuant to the Family Medical Leave Act (29 U.S.C. 28

3. That Plaintiff recover liquidated damages, back pay, front pay, punitive damages and attorney's fees from Defendant pursuant to N.C. Gen. Stat. § 143-422.2.

4. That all issues be tried by jury;

5. That the costs of this action be taxed against Defendant; and

6. That Plaintiffs recover any other relief this Court deems just and proper.

This the 31st day of August 2020.

_____
Gerald L. Liska
N.C. State Bar No. 36901
MULLEN HOLLAND & COOPER P.A.
*Attorneys for Plaintiffs*
301 South York Street
Post Office Box 488
Gastonia, North Carolina 28053-0488
Telephone:   704.864.6751
Facsimile:   704.861.8394

# VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF GASTON COUNTY

Jerry Shedd, swears under oath that the facts, information and documents, set forth in the attached Complaint against C&B Distributors, Inc. are true, and correct to the best of my personal knowledge except for those matters therein stated upon information and belief, and as to those matters, believes the to be true.

*[Signature: Jerry Shedd]*
Name:

This the 31st day of August, 2020

*[Signature: Andria Reid Smith]*
Notary Public
My Commission expires: 4/3/2024

*[Notary Seal: ANDRIA REID SMITH, NOTARY PUBLIC, GASTON COUNTY, NC, MY COMMISSION EXPIRES 4-3-2024]*

# Gaston County Clerk of Superior Court
## CIVIL RECEIPTING
as of 11/5/2019

| | | |
|---|---|---|
| /CAP FLAG (Y) X (N) | | |

FILE NUMBER(S): **20 CVS 3055**

| | | |
|---|---|---|
| _TRANSCRIPT | 21440 | $10.00 |
| _SUPPLEMENTAL PROCEEDING | 21400 | $30.00 |
| _CONFESSION OF JUDG | 21400 | $25.00 |
| _RESUMPTION | 21400 | $10.00 |
| _EXEMPLIFIED COPY | 21400 | $10.00 |
| _VSA/PATERNITY | 21400 | $6.00 |
| _WRIT OF POSSESSION (NON-MONEY) | 21400 | $25.00 |
| _REGISTRATIONS | 21400 | $____ |
| _LISP W/CIVIL FILING | 21400 | $____ |
| _ASSIGNMENT | 21400 | $____ |
| _RESTORATION FIREARM RTS | 21400 | $200.00 |
| _CLAIM OF LIEN | 21435 | $____ |
| _LIS PENDENS | 21435 | $____ |
| _WRIT OF EXECUTION | 21430 | $25.00 |
| _WRIT OF POSSESSION | 21430 | $25.00 |

PAYOR NAME: **Shedd, Jerry**
(PARTY TO CASE FILING; MINOR'S NAME; ETC)

PAYEE NAME: **Mullen Holland & Cooper PA**
(PD BY — (ATTY); INTERESTED PARTY; INS CO; ETC)

COMPLAINT/COUNTERCLAIM/CROSSCLAIM/
THIRD PARTY COMPLAINT/APPEAL

| | | |
|---|---|---|
| ✓ SUPERIOR | CVSC | $200.00 |
| _DISTRICT | CVDC | $150.00 |
| _SMALL CLAIMS | CVMC | $96.00 |
| _DIVORCE | CDDC | $75.00 |
| _MAG. APPEAL | CVAC | $146.00 |

FACILITY FEE

| | | |
|---|---|---|
| _SUPERIOR | 22120 | $16.00 |
| _DISTRICT | 22220 | $16.00 |

TRANSFER OF JURISDICTION WITHIN SAME COUNTY

| | | |
|---|---|---|
| _SUPERIOR | 21120 | $50.00 |
| _DIST. *($50.00-21220 & $4.00-22220) | | *$54.00 |

| | | |
|---|---|---|
| _RENT IN ARREARS | 26210 | $____ |
| _RENT PAYMENTS | 26220 | $____ |
| JUDGMENT PAYMENT | 26115 | $____ |
| _FULL | | |
| _PARTIAL | | |

| | | |
|---|---|---|
| NOTICE OF HEARING | 21450 | $20.00 |
| A&P/ENDORSEMENT | 21455 | $____ |
| SHERIFF FEES | 22515 | $ 0 |

# OF DEFENDANTS: ____

| | | |
|---|---|---|
| _EARNEST MONEY | 26600 | *$____ |
| *PLUS REGISTRATION | 21400 | $____ |
| _CLAIM OF LIEN BOND | 26600 | $____ |
| _SURPLUS FUNDS | 26600 | $____ |
| _IN REM FORECLOSURE | 21446 | $____ |
| _CONDEMNATION | 26130 | $____ |
| _CIVIL BOND | 26210 | $____ |
| _CIVIL FINE | 22700 | $____ |
| _MINOR SETTLEMENT | 26310 | $____ |

| | | |
|---|---|---|
| _BUSINESS COURT | 21122 | $1,100.00 |
| _OUT OF STATE ATTY | 24625 | *$200.00 |
| _*PLUS BAR FEE | 24626 | *$25.00 |
| _LTD DRIVING PRIV. *(PLUS DIST CT FEE) | 24335 | *$100.00 |
| _JURY FINE | 22700 | |

DATE **8/31/2020** RCVD BY **CC**

TOTAL **$200**